# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS LOVELACE,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 06-CV-047
00-CV-154

# ORDER

On January 9, 2006, Dennis Lovelace ("Lovelace") filed a "motion to recall mandate," requesting that this court vacate its April 18, 2002 judgment dismissing Lovelace's petition under 28 U.S.C. § 2255. Shortly after this filing, on January 11, 2006, Lovelace filed a subsequent petition pursuant to 28 U.S.C. § 2255 to vacate, set-aside, or correct the sentence he is currently serving. On February 22, 2006, this court dismissed each of Lovelace's motions for want of jurisdiction. On March 13, 2006, Lovelace filed a notice of appeal which this court construes as a request for a certificate of appealability (COA). For the reasons set forth below, this request will be denied.

Pursuant to 28 U.S.C. 2253(c), an appeal from a judgment of a 28 U.S.C. § 2255 petition may not be taken absent an issuing of a COA. A COA should be issued only if there is a substantial showing of a denial of a constitutional right. The Supreme Court has stated that in order to satisfy the standard of "substantial showing," a petitioner must be able to show that "jurists of reason would find it

debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Lovelace's section 2255 petition was dismissed for want of jurisdiction as it was his second petition pursuant to 28 U.S.C. § 2255. Rule 9 of the Federal Rules Governing Section 2255 provides that a petitioner presenting a second or successive motion "must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Lovelace did not comply with this requirement, and absent approval from the Seventh Circuit to consider the motion, the court was constrained to deny his motion for want of jurisdiction. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1990) (stating "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing") (emphasis in original).

Additionally, this circuit has held that a "motion to recall a mandate" is similar to a successive petition; Lovelace's "motion to recall mandate" was also appropriately dismissed for want of jurisdiction. *See Gray-Bey v. United States*, 209 F.3d 986, 987 (7th Cir. 2000). Therefore, Lovelace has failed to demonstrate to the court a substantial showing of a denial of a constitutional right in either of his two motions.

Accordingly,

**IT IS ORDERED** that Lovelace's request for a certificate of appealability be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge